**Larry Ray HOWARD, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15418.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Larry Ray Howard, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the offense of Burglary in the Second Degree After Former Conviction of a Felony; his punishment was fixed at ten years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that James Thurman, manager of the Kerr-McGee Service Station at 25 NE 36th Street in Oklahoma City, left the station at about 5:00 p. m. on March 14, 1969, at which time the coke vending machine was in operating condition. When he returned at 7:00 a. m. the next morning, he saw that the door had been pried open.

Floyd David Rope testified that he was sales manager for the Coca Cola Bottling Company and on March 14-15, about midnight, he went in response to a call, to the Kerr-McGee station and discovered that the coin box and nickel tube of the coke machine were missing, the door having been sprung open.

Office DeLaughter, of the Oklahoma City Police Department, testified that on March 14, 1969, he was riding patrol and at about 11:00 p. m. he noticed a vehicle standing on the driveway of the Kerr-McGee station. The patrol car pulled into the station at which time the other car left. The officer noted that the door to the coke machine had been pried open, he gave pursuit of the other car at speeds up to 50 or 55 miles per hour, stopping at Lincoln and NE 40th Street, where he arrested the defendant who was riding in the right front seat. A person named Wise was driving. A search of the vehicle disclosed $7.10 in quarters and dimes and a tire tool between the seat cushions. Change in the amount of $1.70 in quarters and dimes was found in defendant's jacket. He further testified that as the car left the service station he saw some person get into the car just as it drove off.

Officer Barrett of the Oklahoma City Police Department testified that on March 14, 1969, he interviewed the defendant at the city jail. After warning the defendant of the rights against self-incrimination, he testified that the defendant admitted breaking into the coke machine and taking the coins.

The defendant did not testify, nor was any evidence presented in his behalf. The defendant stipulated as to the prior conviction of a felony.

The defendant, on appeal, argues two assignments of error, neither of which possess sufficient merit to be discussed in this opinion; suffice it to say from the foregoing recital of facts, the defendant's contention that the evidence was insufficient to support the verdict of the jury is patently frivolous.

The second contention that the punishment is excessive is likewise wholly

without merit in that the sentence of ten years is the minimum allowed by law.

The record is free of any error which would justify modification or reversal, and the judgment and sentence should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.